IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-03134-NYW-SBP

PHILIPPE ZATTA,

    Plaintiff,

v.

LON F. HURWITZ, et al.,

    Defendants.

## ORDER TO SHOW CAUSE

**Susan Prose, United States Magistrate Judge**

    This matter comes before this court sua sponte. The court, having considered the pleadings, record, and case law, is concerned that Plaintiff has not properly served Defendants Hurwitz, Minerich, and the Superior Court of California Orange County under Federal Rule of Civil Procedure 4. Accordingly, for the reasons set forth below, the court orders Plaintiff to file a written brief with the court within 14 days of entry of this Order showing why service was proper on these Defendants.

## FACTUAL BACKGROUND

    Mr. Zatta filed this action on December 5, 2022. ECF No. 2. In his Complaint, Mr. Zatta asserts four causes of action against the Defendants under 42 U.S.C. § 1983 for: (1) Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (Compl. ¶¶ 48-59); (2) Violation of Constitutional Right to Substantive Due Process (*id.* ¶¶ 60-71); (3) Violation of International Treaties of Recognition of Foreign Judgments in United States

Courts (*id.* ¶¶ 72-84); and (4) Violation of the Full-Faith and Credit Clause of the United States Constitution (*id.* ¶¶ 85-93).

There are two sets of Defendants named in the Complaint. First, Mr. Zatta asserts causes of action against Defendant Banas, the 11th Judicial Circuit (in St. Charles, Missouri), and Defendant Ghasedi (collectively, the "Missouri Defendants") for allegedly prosecuting Mr. Zatta for the dissolution of an already dissolved marriage. *Id.* ¶ 22. Second, Mr. Zatta asserts causes of action against Defendant Hurwitz, Defendant Minerich, and the Superior Court of California Orange County ("Superior Court" and, collectively with Defendants Hurwitz and Minerich, the "California Defendants") for allegedly entering child support judgments against Mr. Zatta "on the basis of false accusations" and as a result of racial animus. *Id.* ¶¶ 24, 33.

Mr. Zatta filed Returns of Service as to all Defendants on March 2, 2023. ECF Nos. 11-16. Since then, the Missouri Defendants have filed Motions to Dismiss the Complaint. ECF Nos. 8, 10. The California Defendants, however, have yet to appear in this proceeding or file a response to Mr. Zatta's Complaint. Upon review of the Returns of Service filed by Mr. Zatta, it appears that all three of the California Defendants purportedly were served via an individual named Ashley Saroya, who is referred to as the "Clerk of the Board / an individual authorized to accept on behalf of the named defendant" and located at 400 W. Civic Center Drive, Santa Ana, CA 32701. ECF Nos. 13, 14, 16.

**LEGAL STANDARDS AND ANALYSIS**

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citation omitted). A court may not exercise

2

personal jurisdiction over a party without proper service of process. *See, e.g.*, *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver or service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant.") (internal citation omitted). Put another way, without proof of proper service, the court lacks personal jurisdiction over the California Defendants. *E.g.*, *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992).

Federal Rule of Civil Procedure 4 governs service of a summons and complaint in a federal district court. Pursuant to Rule 4(m), if a defendant is not properly served within 90 days after the complaint is filed, the court, "on motion or on its own notice to the plaintiff, *must* dismiss the action without prejudice against that defendant or order that service be made within a specific time" (emphasis added). Rule 4(j) specifies the proper procedure for serving a "state or local government." Pursuant to Rule 4(j), "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." The California Code of Civil Procedure § 416.50 governs service of process on a "public entity." Specifically, it provides that "[a] summons may be served on a public entity by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Code Civ. P. § 416.50(a).[1] Section

---

[1] Rule 4(a) also provides the proper procedures for personal service on an individual, such as Defendants Hurwitz and Minerich. However, it does not appear that these individuals were personally served based on the statements made in the Returns of Service, ECF Nos. 13-14, that the Summons and Complaint was served on Ashley Saroya at the Clerk of the Board.

3

416.50(b) defines "public entity" to include "the state and any office, department, division, bureau, board, commission, or agency of the state, the Regents of the University of California, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in this state."

There is nothing in the record to suggest that Ashley Saroya, the person on whom process was served, is the "chief executive officer" of the Superior Court or is "the clerk, secretary, president, presiding officer, or other head of its governing body" authorized by law to receive service on behalf of the California Defendants. The Orange County Clerk of the Board's website states that it is "the official repository of County records and provides administrative support to the Board of Supervisors, the governing boards of certain districts and authorities and the Assessment Appeals Boards and Hearing Officers." *About Us*, OC CLERK OF THE BOARD, [About Us | OC Clerk of the Board (ocgov.com)](About Us | OC Clerk of the Board (ocgov.com)) (last visited July 24, 2023). There is no indication on the Clerk of the Board's website that it is in any way authorized to accept service on behalf of the California Defendants, or that it has any affiliation with the California state judiciary.

To conserve judicial resources and avoid unnecessary delay in these proceedings, this court orders Plaintiff to file a written brief with this court within 14 days from the date of entry of this Order setting forth the analysis of why service on the California Defendants constitutes proper service under Rule 4. Upon review of the Plaintiff's brief, if this court finds that service on the California Defendants was not proper, the court may dismiss the California Defendants from this proceeding pursuant to Rule 4(m).

## CONCLUSION

Accordingly, **IT IS ORDERED** that, **on or before August 7, 2023**, Plaintiff shall show cause, in writing, why service on Defendants Hurwitz, Minerich, and the Superior Court of California Orange County is proper and why these Defendants should not be dismissed from this matter without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

DATED: July 24, 2023

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge