**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 22-cv-03134-NYW-SBP

PHILIPPE ZATTA,

      Plaintiff,

v.

LON F. HURWITZ, individually and in his official capacity as Judge,
PAUL T. MINERICH, individually and in his official capacity as Court Commissioner,
SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE,
JOHN PAUL BANAS, individually and in his official capacity as Judge,
11TH JUDICIAL CIRCUIT ST. CHARLES MISSOURI, and
MONDONNA L. GHASEDI, individually and in her official capacity as Judge,

      Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATIONS

---

This matter is before the Court on:

(1)      Recommendation of United States Magistrate Judge Susan B. Prose[1] (the "First Recommendation"), [Doc. 35], on the Motions to Dismiss filed by Defendants the Honorable John P. Banas ("Judge Banas") and the Eleventh Judicial Circuit Court of Missouri ("Eleventh Judicial Circuit"), [Doc. 8], and the Honorable Mondonna L. Ghasedi ("Judge Ghasedi"), [Doc. 10], (collectively, the "Missouri Defendants"); and

(2)      Recommendation of United States Magistrate Judge (the "Second Recommendation"), [Doc. 37], for dismissal of the Complaint without prejudice as to Defendants Superior Court of California, County of Orange, the Honorable Lon F. Hurwitz ("Judge Hurwitz"),

---

[1] This case was initially referred to the Honorable Michael E. Hegarty, [Doc. 6], and was reassigned to the Honorable Susan B. Prose upon her appointment. *See* [Doc. 21].

and Paul T. Minerich (collectively, the "California Defendants") and denial of Plaintiff's Motion for a Preliminary Injunction and Other Equitable Relief ("Motion for Preliminary Injunction"), [Doc. 18], as moot.

In her First Recommendation, Judge Prose recommends that the Motions to Dismiss be granted and all claims against the Missouri Defendants be dismissed without prejudice pursuant to Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure, which authorize the dismissal of a complaint for lack of subject matter and personal jurisdiction, respectively. [Doc. 35 at 1–2]. In her Second Recommendation, Judge Prose recommends the dismissal of claims against the California Defendants pursuant to Rule 12(b)(5) and Rule 4(m) of the Federal Rules of Civil Procedure after Plaintiff Philippe Zatta ("Plaintiff" or "Mr. Zatta") failed to respond to the Court's Order to Show Cause, [Doc. 34], questioning whether the California Defendants were properly served by August 7, 2023. [Doc. 37 at 5–9]. Judge Prose further recommends that Plaintiff's Motion for Preliminary Injunction be denied as moot, as no claims in the Complaint remain viable after the dismissal of the claims against the Missouri Defendants and the California Defendants. [*Id.* at 10–11].

Both Recommendations state that objections to the Recommendation must be filed within 14 days after its service on the Parties. [Doc. 35 at 20 n.9 ("Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado," however, "[f]ailure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation."); Doc. 37 at 11 n.5 (same)]; *see also* 28 U.S.C. § 636(b)(1)(C). Plaintiff has not objected to either

Recommendation, and the time to do so has elapsed.[2]

In the absence of an objection, the district court may review a Magistrate Judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendations to satisfy itself that there is "no clear error on the face of the record."[3]   Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment.   Based on this review, the Court has concluded that each Recommendation is thorough, well-reasoned, and a correct application of the facts and the law.

Accordingly, it is **ORDERED** that:

(1)     The Recommendation of United States Magistrate Judge, [Doc. 35], is **ADOPTED**;

(2)     The Motion to Dismiss filed by the Eleventh Judicial Circuit and Judge Banas, [Doc. 8], is **GRANTED**;

(3)     The Motion to Dismiss filed by Judge Ghasedi, [Doc. 10], is **GRANTED**;

(4)     The Recommendation of United States Magistrate Judge, [Doc. 37], is **ADOPTED**;

---

[2] The docket in this case reflects that the copy of the First Recommendation mailed to Plaintiff on August 25, 2023, was returned as undeliverable. *See* [Doc. 38].  It is Plaintiff's responsibility to keep the court updated on his current address. *See* D.C.COLO.LCivR 5.1(c).  Nevertheless, this Court directed the Clerk of Court to mail another copy of the Recommendation, [Doc. 35], to the Plaintiff, at the address of record, on September 12, 2023. *See* [Doc. 39].  Even taking this second mailing attempt as the date of service, Plaintiff's time to file an objection to the First Recommendation expired on September 26, 2023.  The Second Recommendation was mailed to Mr. Zatta on August 30, 2023, to the address of record and was not returned as undeliverable.  As a courtesy, the Court directed the Clerk of Court to mail another copy of the Second Recommendation to the Plaintiff, at the address of record, along with the second copy of the First Recommendation. *See* [Doc. 39].

[3] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review.  Fed. R. Civ. P. 72(b).

(5)     The Complaint, [Doc. 2], is **DISMISSED** without prejudice;

(6)     Plaintiff's Motion for a Preliminary Injunction and Other Equitable Relief, [Doc. 18], is **DENIED as MOOT**;

(7)     The Clerk of Court is **DIRECTED** to close this case;[4] and

(8)     The Clerk of Court is **DIRECTED** to mail a copy of this Order to:

Philippe Zatta
11963 East Lake Circle
Greenwood Village, CO 80111


DATED:  September 28, 2023                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[4] While costs should generally "be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), the district court may in its discretion decline to award costs where a "valid reason" exists for the decision. *See, e.g.*, *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) (citations omitted).  Given Plaintiff's pro se status, the court finds that it is appropriate for each Party to bear their own costs associated with this action.